## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **RICHARD A. GORMAN,** | : | **COMPLAINT AND DEMAND** |
| | : | **FOR JURY TRIAL** |
| Plaintiff, | : | |
| | : | **Case No.** |
| v. | : | |
| | : | |
| **ILYA SHPETRIK, OLEG** | : | |
| **SHPETRIK, ANNA SHPETRIK,** | : | |
| **and MARK SHPETRIK,** | : | |
| | : | |
| Defendants. | : | |

## COMPLAINT

Plaintiff Richard A. Gorman, through his undersigned counsel, hereby demands judgment against Defendants Ilya Shpetrik, Oleg Shpetrik, Anna Shpetrik and Mark Shpetrik, for the reasons and amounts set forth below, and in support thereof avers as follows:

## PARTIES

1.     Plaintiff Richard A. Gorman ("Gorman") is an adult individual and resident of Delaware County, Commonwealth of Pennsylvania.

2.     Defendant Illya Shpetrik ("Shpetrik"), aka "Ilya Syanov," "Ilya Bit," "Ilya Putin," "Ilya Putin (BLT)," "Ilya BLT," "Ilya S," "Illya S," "S. Ilya," and "Michael Anthony," is an adult individual and citizen of Canada, currently residing at 33 Mogul Drive, North York, ON, Canada M2H 2M8.

3.      Defendant Oleg Shpetrik ("Oleg") is an adult individual and citizen of Canada, currently residing at 33 Mogul Drive, North York, ON, Canada M2H 2M8.

4.      Defendant Anna Shpetrik ("Anna") is an adult individual and citizen of Canada, currently residing at 33 Mogul Drive, North York, ON, Canada M2H 2M8.

5.      Defendant Mark Shpetrik ("Mark") is an adult individual and citizen of Canada, currently residing at 33 Mogul Drive, North York, ON, Canada M2H 2M8.

6.      At all times relevant to this Complaint, Shpetrik, Oleg, Anna and Mark have all resided at 33 Mogul Drive, North York, ON, Canada M2H 2M8.

## JURISDICTION AND VENUE

7.      This Court has subject matter jurisdiction over Gorman's claims under 28 U.S.C. § 1332(a)(2), as the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and Gorman is a citizen of the United States of America and the Commonwealth of Pennsylvania, and Ilya Shpetrik, Oleg, Anna and Mark are all citizens of Canada.

8.      This Court has specific personal jurisdiction over Ilya Shpetrik, Oleg, Anna and Mark because, as described more thoroughly herein, they had sufficient minimum contacts with the Commonwealth of Pennsylvania and with this District, this action arises out of these contacts, and exercising personal jurisdiction over them would be reasonable and comport with the requirements of due process.

9.      Exercise of specific personal jurisdiction over Ilya Shpetrik, Oleg, Anna and Mark is proper in this Court under 42 Pa. C.S. § 5322(a)(4), as they have caused harm or tortious injury in the Commonwealth of Pennsylvania by acts outside of the Commonwealth.

10.     Venue is proper in this District under 28 U.S.C. § 1391.

## FACTS COMMON TO ALL COUNTS

11.     On July 29, 2013, a website located at <performoutsider.com> published an article titled "*Richard Gorman aka directresponse.net Criminal Past*," which included defamatory statements about Gorman. A copy of the article is attached to this pleading as Exhibit 1 and incorporated by reference.

12.     The article falsely stated that Gorman had sexually assaulted a minor.

13.     In addition, the article linked to and incorporated by reference a website located at http://anonnews.org/forum/post/8233 (the "AnonNews website").

14.     The AnonNews website included postings falsely stating that Gorman is a child molester and a pedophile. A copy of the AnonNews website postings are attached to this pleading as Exhibit 2 and incorporated by reference.

15.     The defamatory statements in the <performoutsider.com> article and on the AnonNews website were available to everyone everywhere on the World Wide Web.

3

16.     A Whois database search for the <performoutsider.com> domain name identified "Ilya Syanov" as the registrant, with an address at 43 Billington Crescent, Toronto, ON, Canada M3A 2G8. A copy of the Whois database search is attached to this pleading as Exhibit 3 and incorporated by reference.

17.     The contact information the registrant provided the registrar for the <performoutsider.com> domain name was false.

18.     Specifically, Barbara-Ann Young, the owner of the home at 43 Billington Crescent, Toronto, ON, Canada M3A 2G8, had never heard of "Ilya Syanov," <performoutsider.com>, or Gorman. An email from Ms. Young, dated February 14, 2014 to abuse@godaddy.com is attached to this pleading as Exhibit 4 and incorporated by reference.

19.      The false contact information was provided to conceal the identity of the person/persons that owned and operated the <performoutsider.com> website and published the defamatory statements about Gorman.

20.     Under federal law, providing false contact information to a registrar when registering a domain name is evidence of the registrant's bad faith. *See* 15 U.S.C. 1125(d)(1)(B)(i)(VII).

21.     On December 10, 2013, Gorman received an email from a person/persons using the name "Rick Rollinski." A copy of the December 10, 2013 email is attached to this pleading as Exhibit 5 and incorporated by reference.

22.     The email threatened to "ruin [Gorman's] personal life and [Gorman's] professional life" unless he sent half-a-million dollars in bitcoin, a "cryptocurrency," to an anonymous bitcoin address. *See*, Ex. 5.

23.     On December 12, 2013, "Rick Rollinski" sent two additional  emails to Gorman which are attached to this pleading as Exhibits 6 and 7, respectively, and incorporated by reference.

24.     The December 12, 2013 emails repeated the threats, stating: "Better make with some coin Gor my man, im sure shits gonna start looking bad in short order."

25.     Gorman refused to pay the blackmail.

26.     Shortly after, a Twitter account operating under the name "@performoutsider" – the same name as the one used in the <performoutsider.com> domain name – began publishing defamatory statements about Gorman to Gorman's employees, clients, and vendors.

27.     For example, on December 19, 2013, the person/persons controlling the @performoutsider Twitter account tweeted the following false and defamatory message to an employee at a company with which Gorman was affiliated: "How does it feel working for person who was convicted of sexual assault on a minor?"

28.     Other false and defamatory posts include a posting directed to the CEO of a company with which Gorman was affiliated, calling the CEO a "child molester."

29.    After that, anytime the CEO's name was searched, the search engines would return the false and defamatory posting.

30.    In addition, Gorman's customers began also began receiving threatening emails.

31.    The emails stated that the customers would be exposed for working with Gorman's company, and attacked unless they paid a bitcoin ransom.

32.    On January 24, 2014, Gorman sued the website located at <performoutsider.com>, as well as John C. Monarch (Monarch") and Karl F. Steinborn ("Steinborn"), for defamation in Pennsylvania state court.

33.    A copy of the Pennsylvania state court complaint is attached to this pleading as Exhibit 8 and incorporated by reference.

34.    On February 14, 2014, Monarch removed the Pennsylvania state court action to the United States District Court for the Eastern District of Pennsylvania.

35.    Despite all efforts, the identity of the person/persons that owned and operated the <performoutsider.com> website could not be identified.

36.    As alleged above, when registering the <performoutsider.com> domain name, the person/persons that did so provided the registrar with false contact information to conceal their identities.

37.    Gorman thus filed a Motion with the Court to permit alternative service on "Ilya Syanov." [*Gorman v. Monarch*, No. 14-cv-00980 (E.D. Pa), ECF No. 18].

38.     Monarch filed an Opposition to the Motion. A copy of Monarch's Opposition is attached to this pleading as Exhibit 9 and incorporated by reference.

39.      In his Opposition, Monarch represented that he did "not know Ilya's true name, and … does not have any other contact information for Ilya." *See*, Ex. 9 at 2, note 2.

40.     Monarch's representation to the Court was untrue. *See infra* at ¶ 50.

41.     Indeed, Daniel Robert Warner, the lawyer that represented Monarch in opposing Gorman's Motion, has since been disciplined by the State Bar of Arizona for submitting false affidavits and declarations to courts on behalf of his clients.

42.     In any event, the Court denied Gorman's Motion, and dismissed the <performoutsider.com> website from the action without prejudice. A copy of the Court's May 21, 2014 Order is attached to this pleading as Exhibit 10 and incorporated by reference.

43.     Monarch, on the other hand, challenged the Court's exercise of personal jurisdiction over him, and was voluntarily dismissed.

44.     As for Steinborn, the Court found that he defamed Gorman, writing: "The allegations against [Gorman], that he was convicted of child molestation and is a proven pedophile are patently false, as is the scandalous allegation that his daughter was conceived as a result of a rape." A copy of the Court's May 20, 2015

Memorandum Opinion is attached to this pleading as Exhibit 11 and incorporated by reference. *See*, Ex. 11 at 2.

45.     In addition, the Court awarded Gorman compensatory damages for his non-economic losses in the amount of $3 million, writing:

> [Gorman] was the target of a reprehensible campaign aimed at impugning his character with the specific purpose of harming his ability to conduct business and destroying his personal reputation. Mr. Gorman recounted in clear detail the emotional distress that he has suffered, and the lengths to which he has had to go to convince third parties that he has not committed the vile acts of which he has been accused. Of particular note, Mr. Gorman recounted how, as the scandal spread, the parents of his children's friends began to limit social contact and undermine his family life. It is difficult for me to conceive a worse accusation against a father than that of being a pedophile.

*Id.* at 2-3.

46.     In the meantime, in August 2014, Gorman re-filed a lawsuit against Monarch for defamation and civil conspiracy, but this time in South Carolina state court.

47.     The South Carolina state court action remains pending to this day.

48.     On July 30, 2020, less than two months ago, Monarch produced "Supplemental Answers to Plaintiff's Interrogatories" in the South Carolina state court action. A copy of Monarch's "Supplemental Answers to Plaintiff's Interrogatories" is attached to this pleading as Exhibit 12 and incorporated by reference.

49.    In Monarch's Supplemental Answer to Interrogatory No. 1, he identified "Ilya Syanov," one of the person/persons that owned and operated <performoutsider.com> website, as Ilya Shpetrik, with a residence at 33 Mogul Drive, North York, ON, Canada M2H 2M8. *See*, Ex. 12 at 4.

50.    In Monarch's Supplemental Answer to Interrogatory No. 1, he further identified Ilya Shpetrik as also acting under the aliases "Ilya Putin," "Ilya Putin (BLT)," "Ilya BLT," "Ilya S," and "Ilya S." *Id.*

51.    In Monarch's Supplemental Answer to Interrogatory No. 5, he identified Ilya Shpetrik as a person that owned, managed, and controlled the defamatory content published about Gorman on the <performoutsider.com> website, and at the @performoutsider Twitter account. *Id.* at 6-7.

52.    On information and belief, Defendants Ilya Shpetrik, Oleg, Anna and Mark, combined together and with others in an effort to blackmail Gorman before Ilya Shpetrik, Oleg, Anna, Mark and others published the defamatory content about Gorman on the <performoutsider.com> website, and the @performoutsider Twitter account.

53.    On information and belief, Ilya Shpetrik worked with or at the direction of John Monarch, who ran a business that was heavily promoted at the <performoutsider.com> website and competed with one of Gorman's businesses, to defame and blackmail Gorman.

## COUNT I - DEFAMATION

54.      Gorman restates and incorporates the averments set forth in the forgoing paragraphs as if stated fully herein.

55.      As set forth above, Ilya Shpetrik, together with Oleg, Anna, Mark and others, maliciously, deliberately and recklessly published false and defamatory written statements about Gorman with the intent to injure Gorman and defame his personal reputation and business reputation.

56.      The false and defamatory statements made by Defendants were and are untrue and were known by Defendants to be untrue with no basis in fact.

57.      The false and defamatory statements made by Defendants were not privileged.

58.      The recipients of the false and defamatory statements made by Defendants understood the defamatory meaning of such statements.

59.      The recipients of the false and defamatory statements made by Defendants understood that such statements applied to Gorman.

60.      The false and defamatory statements made by Defendants constitute defamation *per se*.

61.      Defendants' actions were willful, wanton, reckless, and outrageous.

62.      Defendants' false and defamatory statements were directed to Gorman in Pennsylvania.

63.     Gorman has suffered and will continue suffering substantial and irreparable harm to his reputation as a result of Defendants' defamation.

64.     Defendants' defamation is a direct and proximate cause of Gorman's damages.

65.     Gorman is informed and believes he is entitled to judgment against Defendants, jointly and severally, for actual and punitive damages and for such other relief as this Court deems just and proper.

## COUNT II – FALSE LIGHT

66.     Gorman restates and incorporates the averments set forth in the forgoing paragraphs as if stated fully herein.

67.     As set forth above, Ilya Shpetrik, together with Oleg, Anna, Mark and others, maliciously, deliberately and recklessly publicized false and defamatory written statements that Gorman was a child molester and a pedophile on the <performoutsider.com> website, and at the @performoutsider Twitter account, with the intent to injure Gorman and smear his personal reputation and business reputation.

68.     The Defendants intentionally disseminated these false allegations in a manner that would create a false impression in the mind of anyone reading them that Gorman was a child molester and a pedophile.

69.     The public dissemination of Defendants' horrible allegations against Gorman would be highly offensive to a reasonable person and in fact were highly offensive to Gorman, causing him serious emotional distress.

70.     The Defendants publicly disseminated these false allegations with actual knowledge of their falsehood and/or with reckless disregard to their truth or falsehood.

71.     Gorman sustained serious humiliation, embarrassment, and emotional, physical, psychological, reputational, economic, and professional harm as a result of the Defendants' repeated public dissemination of falsehoods, intended to place him in a false light.

72.     The Defendants' conduct was reckless and/or intentional and/or wanton and/or outrageous and they are therefore liable to Gorman for punitive damages.

## COUNT III – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

73.     Gorman restates and incorporates the averments set forth in the forgoing paragraphs as if stated fully herein.

74.     The Defendants committed substantial and intentionally harmful acts against Gorman, as described above.

75.     The Defendants maliciously, deliberately and recklessly publicized false and defamatory written statements that Gorman was a child molester and a pedophile on the <performoutsider.com> website, and at the @performoutsider Twitter account

– with the intent of harming Gorman's reputation and causing him severe emotional distress.

76.    The Defendants' conduct, described in the preceding paragraphs, constitutes intentional infliction of emotional distress. They recklessly or intentionally caused severe emotional distress to Gorman by virtue of their extreme and outrageous conduct, described above, and this misconduct goes far beyond the bounds of common humane decency in a civilized society.

77.    The Defendants' harmful conduct was outrageous, willful, malicious, and intentionally designed to and actually did cause Gorman serious physical, emotional, economic, and professional distress and harm.

78.    The Defendants' conduct was reckless and/or intentional and/or wanton and/or outrageous and they are therefore liable to Gorman for punitive damages.

## COUNT IV – CIVIL CONSPIRACY

79.    Gorman restates and incorporates the averments set forth in the forgoing paragraphs as if stated fully herein.

80.    On information and belief, Ilya Shpetrik combined with one or more persons, including, but not limited to, Defendants Oleg, Anna and Mark, in order to blackmail Gorman and then to carry out the threats in Ilya Shpetik's blackmail emails.

81.     Defendants' combination of activities was carried out for the purpose of injuring Gorman by causing harm to Gorman's business interests and reputation among the public – by defaming him, placing him in a false light, and causing him severe emotional distress.

82.     On information and belief, Defendants committed acts in furtherance of this combination and conspiracy, including but not limited to Defendants' coordination with other persons, including but not limited to Monarch and Steinborn, in order to more widely disseminate the false and defamatory allegations that Gorman is a child molester and pedophile on the <performoutsider.com> website, the @performoutsider Twitter account, as well as other online platforms, using the World Wide Web.

83.     Defendants' combination and conspiracy has caused special damages to Gorman's business interests and reputation, including but not limited to, the special harm caused by the augmented dissemination of the statements accomplished by virtue of the conspiracy. Moreover, Gorman has incurred additional special damages including, but not limited to, investigatory expenses and legal fees, loss of revenue to Gorman's business, mental anguish, and emotional suffering.

84.     Gorman is informed and believes he is entitled to judgment against Defendants, jointly and severally, for actual and punitive damages and for such other relief as this Court deems just and proper.

14

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Richard A. Gorman prays for judgement against the Defendants, jointly and severally, as follows:

a.     For judgement against Defendants for actual damages, including consequential and special damages;

b.     For judgment against Defendants for punitive damages;

c.     For judgement against Defendants for all applicable statutory penalties, reasonable attorney fees, and costs; and

d.     For such other and further relief the Court deems just and proper.

## **JURY TRAIL DEMANDED**

Plaintiff Richard A. Gorman respectfully demands a trial by jury on all claims and issues so triable.

Respectfully submitted,

**IPPOLITI LAW GROUP**

*/s/ Patrick K. Gibson*
**PATRICK K. GIBSON, ESQ.**
Attorney I.D. #315863
1225 N. King Street, Suite 900
Wilmington, DE 19801
Ph.: (302) 428-1400
Fax: (302) 428-9664
patrick@ippolitilawgroup.com
Date: September 28, 2020                    *Attorneys for Plaintiff*

15

16