# EXHIBIT 8

**BLANK ROME LLP**
By: Matthew D. Lee, Pa. I.D. No. 85914,
lee-m@blankrome.com
By: John P. Wixted, Pa. I.D. No. 309044,
jwixted@blankrome.com
One Logan Square
130 North 18th Street
Philadelphia, Pennsylvania 19103
(215) 569-5500

**Attorneys for Plaintiff**

---

| | |
|---|---|
| Richard A. Gorman<br>1101 Locust Street<br>Apt. 5H<br>Philadelphia, PA 19107,<br><br>    Plaintiff,<br><br>    v.<br><br>www.performoutsider.com<br>c/o 43 Billington Cres.<br>Toronto Ontario<br>M3A2G8 Canada,<br><br>    and<br><br>John C. Monarch<br>122 Central Ave.<br>Greenville, SC 29601,<br><br>    and<br><br>Karl F. Steinborn<br>1704 Quail Valley East<br>Columbia, SC 29212-1531,<br><br>    and<br><br>John Doe 1, John Doe 2, and John Doe 3,<br><br>    Defendants. | COURT OF COMMON PLEAS OF<br>PHILADELPHIA COUNTY – CIVIL ACTION –<br><br>_____ TERM, 2014<br><br>No. _____<br><br>NON-JURY TRIAL |

## NOTICE TO DEFEND

| **NOTICE** | **AVISO** |
|---|---|
| You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. | Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificacion. Hace falta asentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Ademas, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perer dinero o sus propiedades u otros derechos importantes para usted. |
| You may lose money or property or other rights important to you. YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP. | LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATAMENTE. SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO, VAYA EN PERSONA O LLAME POR TELEFONO A LA OFICINA CUYA DIRECCIONE SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL. |
| PHILADELPHIA BAR ASSOCIATION<br>    Lawyer Referral and Information Service<br>    1101 Market Street, 11th Floor<br>    Philadelphia, PA 19107<br>    (215) 238-1701 | ASOCIACION DE LICENCIADOS DE FILADELFIA<br>    Servicio De Referencia E Informacion Legal<br>    1101 Market Street, 11th Floor<br>    Filadelfia, PA 19107<br>    (215) 238-1701 |

**BLANK ROME LLP**
By: Matthew D. Lee, Pa. I.D. No. 85914,
lee-m@blankrome.com
By: John P. Wixted, Pa. I.D. No. 309044,
jwixted@blankrome.com
One Logan Square
130 North 18th Street
Philadelphia, Pennsylvania 19103
(215) 569-5500

**Attorneys for Plaintiff**

*You are hereby notified to plead to the enclosed Complaint within 20 days from service hereof, or a default judgment may be entered against you.*

_____
Matthew D. Lee, Esquire
Attorney for Plaintiff, Richard A. Gorman

| | |
|---|---|
| Richard A. Gorman<br>1101 Locust Street<br>Apt. 5H<br>Philadelphia, PA 19107,<br><br>              Plaintiff,<br><br>    v.<br><br>www.performoutsider.com<br>c/o 43 Billington Cres.<br>Toronto Ontario<br>M3A2G8 Canada,<br><br>        and<br><br>John C. Monarch<br>122 Central Ave.<br>Greenville, SC 29601,<br><br>        and<br><br>Karl F. Steinborn<br>1704 Quail Valley East<br>Columbia, SC 29212-1531,<br><br>        and<br><br>John Doe 1, John Doe 2, and John Doe 3,<br><br>              Defendants. | COURT OF COMMON PLEAS OF<br>PHILADELPHIA COUNTY – CIVIL ACTION –<br><br>_____ TERM, 2014<br><br>No. _____<br><br>NON-JURY TRIAL |

## VERIFIED COMPLAINT

Plaintiff Richard A. Gorman ("Plaintiff Gorman"), by and through his undersigned attorneys, files this Verified Complaint against Defendants www.performoutsider.com ("Defendant Perform Outsider"), John C. Monarch ("Defendant Monarch"), Karl F. Steinborn ("Defendant Steinborn"), John Doe 1, John Doe 2, and John Doe 3 (collectively "Defendants"), and in support thereof avers as follows:

### I. PARTIES, JURISDICTION, AND VENUE

1. Plaintiff Gorman is a citizen of the Commonwealth of Pennsylvania, residing at 1101 Locust Street Apt. 5H, Philadelphia, PA 19107.

2. Upon information and belief, Defendant Perform Outsider is a website with its registered address at 43 Billington Cres. Toronto Ontario, M3A2G8 Canada.

3. Upon information and belief, Defendant Monarch is a citizen of the State of South Carolina, residing at 122 Central Ave., Greenville, SC 29601.

4. Upon information and belief, Defendant Steinborn is a citizen of the State of South Carolina, residing at 1704 Quail Valley East, Columbia, SC 29212-1531.

5. At present, the identities and places of residence of Defendants John Doe 1, John Doe 2, and John Doe 3 are unknown.

6. This Court has jurisdiction over this action pursuant to 42 Pa. C.S. § 931 and 42 Pa. C.S. § 5322.

7. Venue is proper in this County pursuant to Rule 1006(a)(1) of the Pennsylvania Rules of Civil Procedure, as upon information and belief the cause of action arose in Philadelphia County and the defamatory statements in question have been directed to Plaintiff Gorman in Philadelphia

2

County.

## II.   FACTUAL BACKGROUND

8. Plaintiff Gorman and Defendants are business competitors.

9. Specifically, Plaintiff Gorman is affiliated with various companies which, among other things, are in the business of distributing consumer goods.

10. Upon information and belief, Defendant Monarch is the owner and operator of Direct Outbound Services, LLC, which is also in the business of distributing consumer goods, and does business throughout the United States.

11. Upon information and belief, Defendant Steinborn is an individual who was previously employed by the Affiliati Network, a Florida corporation in the business of affiliate marketing.

12. Defendant Perform Outsider is a website that markets and promotes companies such as Direct Outbound Services, LLC and others. The email address of the owner of www.performoutsider.com is identified as jasonstateham@gmail.com.

13. Upon information and belief, Defendants John Doe 1, John Doe 2, and John Doe 3, and others, are affiliated with Defendant Perform Outsider and are responsible for content posted on www.performoutsider.com and on other sources of internet media which use variations of the name "perform outsider."

14. In December 2013, Plaintiff Gorman received email communications demanding that he pay money and threatening to harm him, his family, his reputation, and his prior and current business interests if he failed to do so.

15. As described more fully below, Defendants have engaged in a concerted effort to

3

harm Plaintiff Gorman, his reputation, and his business interests by publishing a series of false and defamatory statements about Plaintiff Gorman in a variety of online media.

### A. Defendants Have Defamed and Continue to Defame Plaintiff Gorman on Defendant Perform Outsider's Website

16. On or about July 29, 2013, Defendant Perform Outsider published an article which contained numerous erroneous statements concerning criminal activity and Plaintiff Gorman. *See* http://www.performoutsider.com/2013/07/29/richard-gorman-aka-directresponse-net-criminal-past/. A true and correct copy of the July 29, 2013 performoutsider.com article is attached hereto as **Exhibit A**.

17. The article at issue was posted to the www.performoutsider.com website by "Admin," indicating that the information was uploaded by Defendant Perform Outsider's administrator(s) and/or agent(s), rather than a third party visitor to the website. *See* **Exhibit A** at 1.

18. The article falsely asserted that Plaintiff Gorman sexually assaulted a minor. *See* **Exhibit A** at 4 (accusing Plaintiff Gorman of rape and referring to an "underage victim").

19. The article also linked to and incorporated by reference the website http://anonnews.org/forum/post/8233 (the "AnonNews Site"). *See id.*

20. The AnonNews Site contained posts which falsely asserted that Plaintiff Gorman was a pedophile. *See, e.g.*, AnonNews Site at 1, a true and correct copy of which is attached hereto as **Exhibit B**. The post containing the defamatory statements was removed from the AnonNews Site at some time subsequent to October 6, 2013.

21. These assertions are false and defamatory, and were made with the malicious intent of harming Plaintiff Gorman, his reputation, and his business relationships.

22. The false and defamatory statements made on Defendant Perform Outsider's website

4

have been and continue to be viewed by visitors to the website, who understand that such statements concern Plaintiff Gorman.

23. Upon information and belief, Defendant Monarch is affiliated with and/or has acted as agent for Defendant Perform Outsider and has participated in the dissemination of the false and defamatory statements on www.performoutsider.com.

24. Upon information and belief, Defendant Steinborn is affiliated with and/or has acted as agent for Defendant Perform Outsider and has participated in the dissemination of the false and defamatory statements on www.performoutsider.com.

25. Upon information and belief, Defendants John Doe 1, John Doe 2, John Doe 3, and possibly others, are affiliated with and/or have acted as agents for Defendant Perform Outsider and have participated in the dissemination of the false and defamatory statements on www.performoutsider.com.

**B. Defendants Have Defamed and Continue to Defame Plaintiff Gorman Via Defendant Perform Outsider's Twitter Account**

26. On information and belief, Defendant Perform Outsider maintains a Twitter account under the name "@performoutsider."

27. When the "@performoutsider" Twitter account was recently created, its first, third, and fourth followers were individuals with Twitter accounts identified as "John Monarch @papajohn56", "Karl @steinborn", and "Karl Steinborn @RepGuruKarl", respectively.

28. On information and belief, the @papajohn56 Twitter account is associated with Defendant Monarch.

29. On information and belief, the @steinborn and @RepGuruKarl Twitter accounts are associated with Defendant Steinborn.

5

30. Defendants have used Defendant Perform Outsider's Twitter account to defame and harass Plaintiff Gorman. A true and correct copy of the relevant posts from Defendant Perform Outsider's Twitter account are attached collectively hereto as **Exhibit C**.

31. On December 19, 2013, Defendant Perform Outsider tweeted the following false and defamatory message to an employee at a company affiliated with Plaintiff Gorman: "How does it feel working for a person who was convicted of a sexual assault on a minor?" *See* **Exhibit C** at 1.

32. That same day, Defendant Perform Outsider also linked to and incorporated by reference the website http://postimg.org/image/alfc9uy1j/ (the "Post IMG Site"). *Id.* at 3.

33. The Post IMG Site falsely refers to Plaintiff Gorman as a "child molester" and falsely states that his daughter was conceived during a rape. *See* Post IMG Site at 1, 3, a true and correct copy of which is attached hereto as **Exhibit D**. The Post IMG Site also falsely states that Plaintiff Gorman maintains a Facebook account.

34. That same day, Defendant Perform Outsider re-tweeted the false and defamatory article described in section II.A above. *See* **Exhibit C** at 3.

35. These assertions are false and defamatory, and were made with the malicious intent of harming Plaintiff Gorman, his reputation, and his business relationships.

36. The false and defamatory statements made on Defendant Perform Outsider's Twitter feed have been and continue to be viewed by multiple third parties (including the "followers" of "@performoutsider" and others), who understand that such statements concern Plaintiff Gorman.

37. Upon information and belief, Defendant Monarch is affiliated with and/or has acted as agent for and/or on behalf of Defendant Perform Outsider and has participated in the dissemination of the false and defamatory statements via the "@performoutsider" Twitter account.

38. Upon information and belief, Defendant Steinborn is affiliated with and/or has acted as agent for and/or on behalf of Defendant Perform Outsider and has participated in the dissemination of the false and defamatory statements via the "@performoutsider" Twitter account.

39. Upon information and belief, Defendants John Doe 1, John Doe 2, John Doe 3, and others, are affiliated with and/or have acted as agents for and/or on behalf of Defendant Perform Outsider and have participated in the dissemination of the false and defamatory statements via the "@performoutsider" Twitter account.

## COUNT I – DEFAMATION

40. Plaintiff Gorman repeats the averments in the above paragraphs as if fully set forth herein.

41. As set forth above, intending to injure Plaintiff Gorman and to defame Plaintiff Gorman's reputation, Defendants maliciously, deliberately, and recklessly published false and defamatory written statements concerning Plaintiff Gorman.

42. The false and defamatory statements made by Defendants were and are untrue, and were known by Defendants to be untrue and to have no basis in fact.

43. The false and defamatory statements made by Defendants were not privileged.

44. The recipients of the statements made by Defendants understood the defamatory meaning of such statements.

45. The recipients of the defamatory statements made by Defendants understood that such statements applied to Plaintiff Gorman.

46. The false and defamatory statements made by Defendants constitute defamation per se.

141497.00101/22281719v.2

47. Defendants' actions were willful, wanton, and outrageous.

48. Defendants' false and defamatory statements were directed to Plaintiff Gorman in Pennsylvania.

49. Plaintiff Gorman has suffered, and will continue to suffer, substantial and irreparable harm to his reputation as a result of Defendants' defamation.

50. Defendants' defamation is a direct and proximate cause of Plaintiff Gorman's damages.

WHEREFORE, Plaintiff Gorman demands judgment in his favor and against Defendants Perform Outsider, Monarch, Steinborn, John Doe 1, John Doe 2, and John Doe 3:

    a. For actual damages in excess of $50,000, which Plaintiff Gorman is entitled to recover as a result of Defendants' publication of defamatory statements;

    b. For incidental, consequential, and punitive damages in excess of $50,000 as permitted by law;

    c. For a preliminary and permanent injunction compelling Defendants to refrain from making defamatory statements about Plaintiff Gorman; and

    d.    For all such other relief as this Court deems appropriate.

Respectfully submitted,

**BLANK ROME LLP**

Dated: January 24, 2014    By: _/s/ Matthew D. Lee_

MATTHEW D. LEE
JOHN P. WIXTED
Pa. ID. Nos. 85914 and 309044
One Logan Square
130 North 18th Street
Philadelphia, PA 19103-6998
Telephone No. (215) 569-5500
Fax No. (215) 569-5555

*Attorneys for Plaintiff Richard A. Gorman*

## VERIFICATION

I, Richard A. Gorman, hereby state that I am authorized to make this Verification on behalf of Plaintiff. I verify that the statements set forth in the foregoing Complaint are true and correct to the best of my knowledge, information, and belief. I understand that these statements are made subject to the penalties of 18 Pa. C.S. § 4904, relating to unsworn falsification to authorities.

_____

Dated: January 24, 2014