# EXHIBIT 12

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) <br> ) <br> COUNTY OF GREENVILLE ) <br> ) <br> ) <br> RICHARD A. GORMAN, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> JOHN C. MONARCH, DIRECT ) <br> OUTBOUND SERVICES, LLC, AND ) <br> SHIPCHAIN, INC. ) <br> ) <br> Defendants. ) | IN THE COURT OF COMMON PLEAS <br><br> Civil Action No. 2014-CP-23-04432 <br><br> **DEFENDANT JOHN C. MONARCH'S SUPPLEMENTAL ANSWERS TO PLAINTIFF'S INTERROGATORIES** |

TO: ANDREW S. RADEKER, ESQUIRE AND DAVID L. MOORE, JR., ESQUIRE ATTORNEYS FOR PLAINTIFF:

Pursuant to South Carolina Rule of Civil Procedure 33, Defendant John C. Monarch hereby supplements his responses to Plaintiff Richard A. Gorman's ("Plaintiff") Interrogatories as follows:

**GENERAL OBJECTIONS**

1.  Defendant objects to Plaintiff's Interrogatories to the extent that they: (a) seek to require Defendant to provide any information or identify documents within, subject to or protected by the attorney-client privilege, work product doctrine or the protection afforded mental impressions, conclusions, opinions or legal theories of Defendant's attorneys or its representatives as defined in South Carolina Rule of Civil Procedure 26(b)(3), or other privileges; or (b) seek to impose upon Defendant any other obligation not imposed by the South Carolina Rules of Civil Procedure, specifically Rules 26 and 33.

2.  Defendant objects to Plaintiff's Interrogatories to the extent they seek documents or information containing legal or factual opinions or conclusions.

1

3. Defendant objects to Plaintiff's Interrogatories to the extent they seek for Defendant to assume or speculate on matters not within Defendant's knowledge or observation.

4. Defendant objects to Plaintiff's Interrogatories to the extent they seek or may be deemed to seek or require the production or disclosure of information or documents created or generated after and/or as a result of this lawsuit being filed. No such documents or information will be produced or identified in a Privilege Log.

5. Defendant objects to Plaintiff's Interrogatories to the extent they seek or might be argued to have Defendant admit that the law is as described by Defendant. By answering these Interrogatories, Defendant is not admitting that the law is as described in Plaintiff's discovery requests, any discovery responses from Plaintiff, or Plaintiff's pleadings.

6. Defendant objects to Plaintiff's Interrogatories to the extent they seek to impose upon Defendant a duty to ascertain, create, or secure information that is not in Defendant's possession, custody or control.

7. To the extent Defendant responds as set forth herein, nothing in these responses should be construed as waiving rights or objections which otherwise might be available to Defendant. Furthermore, Defendant reserves and does not waive his right to object to the relevancy, authenticity, competency or admissibility of any of the information contained in these Responses to Plaintiff's Interrogatories.

8. By answering Plaintiff's Interrogatories, Defendants are not waiving any immunity or defense he or any of his employees or agents might have to the claims by Plaintiff.

9. Defendants objects to Plaintiff's Interrogatories to the extent they seek or may be deemed to seek production of materials or information not within the time period complained about in Plaintiff's pleadings.

10. Defendants reserves the right to supplement or amend his Responses to Plaintiff's Interrogatories.

11. Defendant objects to the Plaintiff's Interrogatories to the extent they seek or may be deemed to seek production of materials or discovery of information, the location, retrieval or production of which would be unduly burdensome to Defendants.

12. By responding to these Interrogatories, Defendant is not waiving any other objections to discovery, any other defense to the Complaint, or any objection to admissibility of evidence.

13. These general objections apply to all of Defendant's responses. To the extent that specific general objections are cited in a specific response, those specific citations are provided because they are believed to be particularly applicable to the specific Interrogatories and are not to be construed as a waiver of any other general objection applicable to information falling within the scope of the Interrogatories.

14. The following responses reflect Defendant's present knowledge, information and belief, and may be subject to change or modification based on Defendant's further discovery, or on facts or circumstances which may come to Defendant's knowledge during the course of discovery and/or preparation for litigation.

**PRIOR COUNSEL'S SPECIFIC OBJECTIONS TO RULE 33(b) INTERROGATORIES**

Prior Counsel for Defendant invoked a number of specific objections to Plaintiff's Rule 33(b) Interrogatories, and while Defendant does reserve the right to supplement Interrogatory responses as discovery continues, Defendant's current Counsel withdraws the specific objections previously raised by Defendant's Prior Counsel in response to Plaintiff's Rule 33(b) Interrogatories Nos. 1 through 5.

## SUPPLEMENTAL RESPONSES TO PLAINTIFF'S RULE 33(b) INTERROGATORIES

**Interrogatory No. 1:** Give the names and addresses of persons known to the parties or counsel to be witnesses concerning the facts of the case and indicate whether or not written or recorded statements have been taken from the witnesses and indicate who has possession of such statements.

**Response:** Defendant Monarch, supplements his Response to Plaintiff's Rule 33(b) Interrogatory No. 1 as follows: Upon information and belief, at the present time the following individuals are believed to be witnesses concerning the facts of the case:

   a. Ilya Shpetrik aka "Ilya Syanov," "Ilya Putin," "Ilya Putin (BLT)," "Ilya BLT," "Ilya S," and "Illya S."
      33 Mogul Drive
      Toronto, Ontario M2H 2M8
      Canada
      No known written or recorded statement exists at this time.

   b. Brian McLevis

   c. Brandon Rosen

   d. Steve Howe

Defendant Monarch reserves the right to supplement this answer as discovery in this case continues.

**Interrogatory No. 2:** For each person known to the parties or counsel to be a witness concerning the facts of the case, set forth either a summary sufficient to inform the other party of the important facts known to or observed by such witness, or provide a copy of any written or recorded statements taken from such witnesses.

**Response:** At this time Defendant Monarch believes that the following summaries are an accurate statement of the facts believed to be known or observed by fact witnesses regarding the allegations made and defenses raised in this case:

   a. John Monarch: John Monarch is a Defendant in this suit. Mr. Monarch will dispute the Plaintiff's allegations as stated in Plaintiff's pleadings. Mr. Monarch can also provide information regarding his lack of knowledge and/or involvement in any

4

    alleged effort to defame or conspire against Plaintiff; Moreover, Mr. Monarch can provide information regarding him being a separate legal individual/entity from Direct Outbound Services, LLC;

b. Ilya Shpetrik aka "Ilya Syanov," "Ilya Putin," "Ilya Putin (BLT)," "Ilya BLT," "Ilya S," and "Illya S.":  Upon information and belief, Ilya Shpetrik ("Ilya") is Ilya Putin, Ilya Syanov, Ilya Putin (BLT), Ilya BLT, Ilya S, and Illya S.  Accordingly, Defendant Monarch believes that Ilya will have information as to the fact that Defendant Monarch is not Ilya Putin or any of Ilya's other aliases, as alleged by Plaintiff.  Moreover, upon information and belief, Ilya would be able to provide information and/or testimony as to the fact that Defendant Monarch had no knowledge and/or involvement in any alleged effort to defame or conspire against Plaintiff, that Defendant Monarch did not own, operate, have control over, or publish any information through performoutsider.com, its website, or its Twitter account;

c. Brian McLevis: Mr. McLevis works in the e-commerce and internet marketing industry and may have information concerning false allegations that 1) Mr. Monarch is Ilya, 2) Mr. Monarch owns or operates the PerformOutsider Website, and 3) that Mr. Monarch was engaged in efforts to commit online defamation and blackmail.  Mr. McLevis may also have information concerning false information posted to a website previously operated by Plaintiff, www.johncmonarch.com, which claimed that Mr. Monarch was Ilya, that he had attempted to blackmail Mr. McLevis for bitcoin, and when Mr. McLevis did not pay the blackmail Mr. Monarch published the blackmail material causing Mr. McLevis millions of dollars in damages;

5

d. Brandon Rosen: Mr. Rosen works in the e-commerce and internet marketing industry and may have information concerning false allegations that 1) Mr. Monarch is Ilya, 2) Mr. Monarch owns or operates the PerformOutsider Website, and 3) that Mr. Monarch was engaged in efforts to commit online defamation and blackmail. Mr. Rosen may also have information concerning false information posted to a website previously operated by Plaintiff, www.johncmonarch.com, which claimed that Mr. Monarch was Ilya and that Mr. Monarch had successfully blackmailed Mr. Rosen in exchange for bitcoin;

e. Steve Howe: Mr. Howe works in the e-commerce and internet marketing industry and may have information concerning false allegations that 1) Mr. Monarch is Ilya, 2) Mr. Monarch owns or operates the PerformOutsider Website, and 3) that Mr. Monarch was engaged in efforts to commit online defamation and blackmail.

Defendant Monarch reserves the right to supplement this answer as discovery in this case continues.

**SUPPLEMENTAL RESPONSES TO PLAINTIFF'S GENERAL INTERROGATORIES**

**Interrogatory No. 2:** Identify all persons with whom you have directly communicated regarding Richard A. Gorman, Brand.com, or Reputation Changer Inc., from January 1, 2012 to the present date, including those with whom you have communicated via email, text message, or using any website application, forum, blog, imageboard, social media service, or other medium on the World Wide Web.

**Response:** Subject to and without waiving any objections previously asserted, Defendant Monarch, supplements his Response to General Interrogatory No. 2 as follows: Brian McLevis, Brandon Rosen, Steve Howe, and Mike Arias.

**Interrogatory No. 5:** Identify all persons who own, manage, or control the content displayed on the website known as "Perform Outsider" located at www.performoutsider.com ("PerformOutsider Website") and/or the Twitter account @performoutsider.

6

**Response:** Subject to and without waiving any objections previously asserted, Defendant Monarch, upon information and belief, supplements his Response to General Interrogatory No. 5 consistent with the above supplementation of Rule 33(b) Interrogatory No. 1 that provides contact information for the person believed to be Ilya Putin, Ilya Syanov, Ilya Putin (BLT), Ilya BLT, Ilya S, and/or Illya S.

**Interrogatory No. 8:**  Identify all persons who own, operate or control the Facebook account bearing the name "Ilya Putin" as shown in Exhibit __ attached hereto.

**Response:** Subject to and without waiving any objections previously asserted, Defendant Monarch, upon information and belief, supplements his Response to General Interrogatory No. 8 consistent with the above supplementation of Rule 33(b) Interrogatory No. 1 that provides contact information for the person believed to be Ilya Shpetrik aka Ilya Putin, Ilya Syanov, Ilya Putin (BLT), Ilya BLT, Ilya S, and/or Illya S.

**Interrogatory No. 9:** For every person identified in your answer to Interrogatories # and #8, identify all known contact information, addresses, phone numbers, nicknames, aliases, email addresses, Twitter Accounts, Facebook accounts, social media accounts, forum accounts, blog accounts, and image board accounts which belong to the person identified.

**Response:** Subject to and without waiving any objections previously asserted, Defendant Monarch, upon information and belief, supplements his Response to General Interrogatory No. 9 consistent with the above supplementation of Rule 33(b) Interrogatory No. 1 that provides contact information for the person believed to be Ilya Shpetrik aka Ilya Putin, Ilya Syanov, Ilya Putin (BLT), Ilya BLT, Ilya S, and/or Illya S.

*[SIGNATURE ON FOLLOWING PAGE]*

Respectfully submitted,

BRUMBACK & LANGLEY, LLC

s/Christopher T. Brumback
Christopher T. Brumback / S.C. Bar No. 75410
Spencer D. Langley / S.C. Bar No. 77898
1 Augusta Street, Suite 301
Greenville, SC  29601
(864) 414-9097
(866) 728-1205 (Fax)
chris@brumbacklangley.com
spencer@brumbacklangley.com


MCANGUS GOUDELOCK & COURIE, L.L.C.

DOC MORGAN, JR. (SC Bar No. 4084)
dmorgan@mgclaw.com
ROBERT L. MEBANE, JR. (SC Bar No. 78043)
robert.mebane@mgclaw.com
Post Office Box 2980
55 East Camperdown Way, Suite 300 (29601)
Greenville, South Carolina 29602
Telephone: (864) 239-4000
Facsimile: (864) 242-3199
ATTORNEYS FOR JOHN MONARCH AND DIRECT OUTBOUND SERVICES, INC.

July 30, 2020
Greenville, South Carolina

8

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | IN THE COURT OF COMMON PLEAS |
| COUNTY OF GREENVILLE ) | |
| ) | |
| RICHARD A. GORMAN, ) | Civil Action No. 2014-CP-23-04432 |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **CERTIFICATE OF SERVICE** |
| ) | |
| JOHN C. MONARCH, DIRECT ) | |
| OUTBOUND SERVICES, LLC, AND ) | |
| SHIPCHAIN, INC., ) | |
| ) | |
| Defendants. ) | |

I certify that on this date, I have served a copy of Defendant's Supplemental Answers to Plaintiff's Interrogatories in this action on counsel of record by

☒ Email addressed to:

Email: drew@harrisonfirm.com
Andrew S. Radeker, Esquire
David L. Moore, Jr. Esquire
Harrison & Radeker, PA
Post Office Box 50143
Columbia, South Carolina 29250

and

Email: dmoore@turnerpadget.com
David L. Moore, Jr., Esquire
Turner Padget Graham & Laney P.A.
Post Office Box 1509
Greenville, South Carolina 29602

Attorneys for Richard A. Gorman

Email: smatthews@hsblawfirm.com
drawl@hsblawfirm.com
Steve A. Matthews, Esquire
Andrew M. Rawl, Esquire
Haynsworth Sinkler Boyd, PA - Columbia
Post Office Box 11889
Columbia, South Carolina 29211
Attorney for ShipChain, Inc.

July 30, 2020
Date

*Gail V. Inzero*
Gail V. Inzero
Legal Assistant to Doc Morgan, Jr. and
Robert L. Mebane, Jr.

9