IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RICHARD A. GORMAN | : |
| Plaintiff, | : CIVIL ACTION NO. 14-0890 |
| v. | : |
| | : DEFENDANT JOHN C. MONARCH'S |
| JOHN C. MONARCH, | : RESPONSES TO PLAINTIFF |
| KARL F. STEINBORN, | : RICHARD A. GORMAN'S FIRST |
| WWW.PERFORMOUTSIDER.COM | : SET OF JURISDICTIONAL |
| JOHN DOE 1, JOHN DOE 2 and | : INTERROGATORIES |
| JOHN DOE 3 | : |
| Defendants. | : |

Defendant John Monarch ("Defendant"), by and through undersigned counsel, responds to Plaintiff Richard A. Gorman's First Set of Jurisdictional Interrogatories as follows:

## GENERAL STATEMENT

Defendant's responses are based upon information presently available to him following a reasonable inquiry. Discovery is still ongoing, however, and Defendant reserves the right to amend, supplement or change his objections and responses if and when additional information becomes available.

## GENERAL OBJECTIONS

1. Defendant objects to all discovery requests to the extent they are overbroad, vague, ambiguous, unduly burdensome, and irrelevant to the subject matter of this litigation and/or not reasonably calculated to lead to the discovery of admissible evidence.

2. Defendant objects to the Interrogatories to the extent they seek information unrelated to the issue of whether the Court may lawfully exercise jurisdiction over Defendant, for which purpose the Court granted limited discovery.

3. Defendant objects to Plaintiff's Interrogatories to the extent they seek the

1

**EXHIBIT 4**

disclosure of information protected by the attorney-client privilege, and such information will not be disclosed.

4. Defendant objects to Plaintiffs' Interrogatories to the extent that they seek information prepared in anticipation of litigation or protected by the work-product doctrine, and such information will not be disclosed.

5. Defendant objects to all discovery requests as unduly burdensome, unreasonable, and oppressive to the extent they call for information which is part of the public record, which is otherwise equally available to all parties, or to which the propounding party has equal or greater access.

6. Defendant objects to Plaintiff's Interrogatories to the extent they are served for harassment, oppression, or delay.

7. Defendant objects to all discovery requests to the extent that they impose duties and obligations that exceed or are different than those imposed by the Federal Rules of Civil Procedure and/or applicable Court orders in this action.

8. Defendant objects to Plaintiff's Interrogatories to the extent that they exceed the permitted number.

9. Each of the foregoing objections is hereby incorporated in each and every one of the following responses, whether or not they are specifically identified.

## RESPONSE TO INTERROGATORIES

### INTERROGATORY NO 1.

Describe in detail any affiliation or relationship you have or had with www.performoutsider.com, either personally or professionally, including any affiliation or relationship you have or had with any operator, representative, or agent of www.performoutsider.com.

2

RESPONSE TO INTERROGATORY NO. 1.

Defendant objects to this Interrogatory on the grounds that it contains more than one Interrogatory and thus is an attempt to circumvent the limit on the number of Interrogatories. Defendant further objects to this Interrogatory as overbroad, vague, and ambiguous and that it contains multiple layers of compound questions. Defendant interprets the Interrogatory to request information about Defendant's relationship between Defendant and performoutsider.com whether or not such communication pertained to Plaintiff.

Subject to and without waiving the forgoing objections, Defendant answers as follows: Defendant is a casual acquaintance with the person believed to be the owner of Performinsider.com, known only as Illya, Ilya S, Illya S, Ilya Putin, Ilya BLT, or Ilya ("Ilya").

**INTERROGATORY NO. 2**

Identify and describe all content you have posted on www.performoutsider.com, and set forth the dates upon which the content was posted.

RESPONSE TO INTERROGATORY NO. 2.

Defendant objects to this Interrogatory on the grounds that it contains more than one Interrogatory and thus is an attempt to circumvent the limit on the number of Interrogatories. Defendant further objects to this Interrogatory as overbroad, vague, and ambiguous and that it contains multiple layers of compound questions.

Subject to and without waiving the forgoing objections, Defendant answers as follows: Defendant has not posted any content on www.performoutsider.com and does not have access

to post, edit, author, or manipulate content on www.performoutsider.com in any way.

### INTERROGATORY NO. 3.

If you provided any content to a third party who subsequently posted such content on www.performoutsider.com, identify the third party's name, address, and telephone number, the posted content, and the date upon which the content was posted.

### RESPONSE TO INTERROGATORY NO. 3.

Defendant objects to this Interrogatory on the grounds that it contains more than one Interrogatory and thus is an attempt to circumvent the limit on the number of Interrogatories. Defendant objects to the Interrogatory to the extent that it is requesting information that is not relevant, overbroad, and not calculated to lead to the discovery of admissible evidence in that it seeks information unrelated to this lawsuit, without limitation.

Subject to and without waiving the forgoing objections, Defendant answers as follows: Defendant did not provide any content to any third party who subsequently posted such content on www.performoutsider.com.

### INTERROGATORY NO. 4

Identify the name, address, and telephone number of the "operator of the Website" which you reference in paragraph 21 of your March 10, 2014 Declaration, attached as Exhibit B to your "Reply to Plaintiff's Response to Motion to Dismiss for Lack of Personal Jurisdiction" filed April 4, 2014.

RESPONSE TO INTERROGATORY NO. 4.

Defendant objects to this Interrogatory to the extent it seeks factual information unrelated to the issue of whether the Court may lawfully exercise jurisdiction over Defendant, for which purpose the Court granted limited discovery.

Subject to and without waiving the forgoing objections, Defendant answers as follows: Defendant only knows the "operator of the Website" as Ilya as discussed above. He claims to live in Toronto, Canada; however, Defendant does not have an address or phone number for this individual.

**INTERROGATORY NO. 5**

If you contend that the postings on www.performoutsider.com concerning Plaintiff Richard A. Gorman are targeted towards the "Internet marketing community," describe in detail the basis for this belief, identify all individuals with information about this matter, and identify all documents that relate to your response.

RESPONSE TO INTERROGATORY NO. 5.

Defendant objects to this Interrogatory on the grounds that it contains more than one Interrogatory and thus is an attempt to circumvent the limit on the number of Interrogatories. Defendant further objects to this Interrogatory as overbroad and containing multiple layers of compound questions. This Interrogatory is overbroad and unduly burdensome to the extent it requests Defendant to identity all documents, without limitation, that relate to Defendant's response. Defendant objects to this Interrogatory to the extent it seeks factual information unrelated to the issue of whether the Court may lawfully exercise jurisdiction over Defendant,

for which purpose the Court granted limited discovery.

Subject to and without waiving the forgoing objections, Defendant answers as follows: Defendant knows that the Website is targeted towards the global IM Community based upon the content contained on the Website. Again, *any and every person* who is involved in the IM Community should be able to look at the Website and identify that it is targeted towards the IM Community given the nature of the topics and articles discussed on the Website. The postings about Plaintiff on the Website make up an extremely small portion of all the content on the Website discussing and pertaining to popular topics in the IM Community.

### INTERROGATORY NO. 6

Describe in detail the affiliation and/or relationship between Direct Outbound and www.performoutsider.com, including an explanation as to when, why, and how the name "Direct Outbound" was placed on the front page/masthead of www.performoutsider.com.

### RESPONSE TO INTERROGATORY NO. 6.

Defendant objects to this Interrogatory on the grounds that it contains more than one Interrogatory and thus is an attempt to circumvent the limit on the number of Interrogatories.

Subject to and without waiving the forgoing objections, Defendant answers as follows: Direct Outbound, through Defendant, is a casual acquaintance with the person believed to be the owner of Performinsider.com, known only as Illya or Ilya ("Ilya"). Ilya did not obtain permission before putting Direct Outbound's ("DOS") logo on the front page/masthead of www.performoutsider.com (the "Website"). He put logos from various companies at the top of the Website because he is friendly with these companies. Defendant is uncertain when the logos were put on the Website. Defendant believes the Website started around January or February of

2013, and that Defendant learned about the logos being on the Website in or around of August 2014.

### INTERROGATORY NO. 7

Identify and describe all messages, communications, postings, or tweets you have sent or received using the @performoutsider Twitter Account, and set forth the dates upon which the all messages, communications, postings, or tweets were sent or received.

### RESPONSE TO INTERROGATORY NO. 7.

Defendant objects to this Interrogatory on the grounds that it contains more than one Interrogatory and thus is an attempt to circumvent the limit on the number of Interrogatories. Defendant objects to this Interrogatory as unduly burdensome, unreasonable, and oppressive to the extent it calls for information that is equally available to all parties. Plaintiff is just as easily capable of looking at the Twitter Postings online and has the same access to all "tweets" received from the Twitter Account in question as Defendant.

Subject to and without waiving the forgoing objections, Defendant answers as follows: Defendant does not currently own, and has never owned, controlled or utilized, or have access to the @performoutsider Twitter account (the "POT Account"). And Defendant does not have access to post, edit, author, or manipulate content on the POT Account in any way shape or form.

### INTERROGATORY NO. 8

If you provided any content to a third party who subsequently posted, tweeted, or sent such content via message or other communication using the @performoutsider Twitter Account,

identify the third party's name, address, and telephone number, the relevant content, and the date upon which the content was posted.

### RESPONSE TO INTERROGATORY NO. 8.

Defendant objects to this Interrogatory as overbroad, vague and ambiguous and that it contains multiple layers of compound questions. This Interrogatory appears to request communications that were sent via the POT Account, and Defendant interprets the Interrogatory accordingly.

Subject to and without waiving the forgoing objections, Defendant answers as follows: Defendant has not provided any content to a third party who subsequently posted, tweeted, or sent such content via the POT Account.

### INTERROGATORY NO. 9.

Identify all communications you have transmitted by any means (including, but not limited to, social media services such as Twitter or Facebook) to Plaintiff Richard A. Gorman, using either your own name, a pseudonym, or anonymously.

### RESPONSE TO INTERROGATORY NO. 9.

Defendant answers as follows: Defendant has only transmitted one communication to Plaintiff, and it was via Defendant's personal twitter account (@papajohn56). In November, Plaintiff tweeted something to the extent of Florida State University becoming #1 in the college football rankings. This was during the time that Jameis Winston (quarterback) was involved in a rape accusation scandal, so Defendant tweeted to Plaintiff something to the extent of "FSU #1 for rapists am I right?" Plaintiff responded by saying that Defendant was on his radar, and proceeded to call Defendant a "pussy boy." These communications have been deleted as they

were very unprofessional.

### INTERROGATORY NO. 10.

Identify all communications you have transmitted by any means (including, but not limited to, social media services such as Twitter or Facebook) to any third party which relate or refer in any way to Plaintiff Richard A. Gorman, using either your own name, a pseudonym, or anonymously.

### RESPONSE TO INTERROGATORY NO. 10.

Defendant objects to this Interrogatory as overbroad and to the extent that it requests information protected by the attorney-client privilege, joint defense, or work product doctrine. Defendant objects to the Interrogatory to the extent that it is requesting information that is not relevant and not calculated to lead to the discovery of admissible evidence in that it requests the identification of communications that relate to Plaintiff in any way, without limitation.

Subject to and without waiving the forgoing objections, Defendant answers as follows: Defendant has produced all non-privileged, relevant documentation pursuant to FRCP 33(d).

### INTERROGATORY NO. 11.

Identify all communications you have transmitted by any means (including, but not limited to, social media services such as Twitter or Facebook) to any employee, agent, or representative of Brand.com, using either your own name, a pseudonym, or anonymously.

### RESPONSE TO INTERROGATORY NO. 11.

Defendant objects to this Interrogatory to the extent that it is requesting information that is not relevant, overbroad, and not calculated to lead to the discovery of admissible evidence. Defendant further objects to the extent it is requesting information that Plaintiff already has in

his possession, custody or control, or could obtain directly from Brand.com.

Subject to and without waiving the forgoing objections, Defendant answers as follows: Defendant is unaware of any employee, agent, or representative of Brand.com that he has communicated with other than Plaintiff Gorman.

## INTERROGATORY NO. 12.

Identify all communications you have transmitted by any means (including, but not limited to, social media services such as Twitter or Facebook) to any third party which relate or refer in any way to Brand.com, using either your own name, a pseudonym, or anonymously.

## RESPONSE TO INTERROGATORY NO. 12.

Defendant objects to this Interrogatory as overbroad, unduly burdensome, and to the extent that it requests information protected by the attorney-client privilege, joint defense, or work product doctrine. Defendant objects to the Interrogatory to the extent that it is requesting information that is not relevant, overbroad, and not calculated to lead to the discovery of admissible evidence. The Interrogatory requests information about ALL of Defendant's communications to third parties regarding Brand.com, who is not a party to this case, and whether or not such communications pertained to Plaintiff. Defendant further objects to this Interrogatory because it seeks factual information unrelated to the issue of whether the Court may lawfully exercise jurisdiction over Defendant, for which purpose the Court granted limited discovery.

## INTERROGATORY NO. 13.

Identify the name, address, and telephone number of any business or company in which you have had an ownership interest or for which you have worked as an employee or independent contractor from January 1, 2013 until the present.

## RESPONSE TO INTERROGATORY NO. 13.

Defendant objects to this Interrogatory as overbroad and unduly burdensome to the extent it seeks information that is unrelated to Plaintiff and to the extent it seeks information unrelated to the issue of whether the Court may lawfully exercise jurisdiction over Defendant, for which purpose the Court granted limited discovery.

## INTERROGATORY NO. 14.

Describe any business you have conducted in Pennsylvania, either individually or through any entity with which you are affiliated.

## RESPONSE TO INTERROGATORY NO. 14.

Defendant objects to this Interrogatory as overbroad and unduly burdensome to the extent it seeks information that is unrelated to Plaintiff and to the extent it seeks information unrelated to the issue of whether the Court may lawfully exercise jurisdiction over Defendant, for which purpose the Court granted limited discovery. The Interrogatory appears to wrongfully include irregular and de minimis purchases and/or transactions, which clearly cannot constitute substantial or continuous and systematic contacts with the forum state for purposes of general jurisdiction, as well as transactions that have absolutely no relevance to

Plaintiff.

Subject to and without waiving the forgoing objections, Defendant answers as follows: Defendant is unaware of any business that he has, or his entities have, conducted in Pennsylvania.

### INTERROGATORY NO. 15.

Describe in detail any occasion on which you were personally present in Pennsylvania between January 1, 2013 and the present.

### RESPONSE TO INTERROGATORY NO. 15

Defendant objects to the Interrogatory to the extent that it is requesting information that is not relevant, overbroad, unduly burdensome, and is designed to harass and oppress Defendant. Defendant objects to this Interrogatory to the extent it seeks information unrelated to the issue of whether the Court may lawfully exercise jurisdiction over Defendant, for which purpose the Court granted limited discovery.

Subject to and without waiving the forgoing objections, Defendant answers as follows: Defendant was in Philadelphia, Pennsylvania in August 2013 at a conference. No new business was obtained while in Pennsylvania and none of Defendant's clients are located in Pennsylvania.

### INTERROGATORY NO. 16.

Identify all documents you reviewed in order to provide the responses to these Interrogatories.

RESPONSE TO INTERROGATORY NO. 16.

Defendant objects to the Interrogatory to the extent that it is requesting information that is not relevant, overbroad, unduly burdensome, and is designed to harass and oppress Defendant. Defendant objects to this Interrogatory to the extent it seeks information unrelated to the issue of whether the Court may lawfully exercise jurisdiction over Defendant, for which purpose the Court granted limited discovery. Defendant objects to this Interrogatory to the extent that it requests information protected by the attorney-client privilege, joint defense, or work product doctrine.

Subject to and without waiving the forgoing objections, Defendant answers as follows: Defendant reviewed the Complaint filed by the Plaintiff. Additionally, Defendant has produced all non-privileged, relevant documentation pursuant to FRCP 33(d).

**INTERROGATORY NO. 17.**

Identify all persons who assisted or participated in the preparation of your answers to these Interrogatories, and the specific answers, which they were involved in preparing.

RESPONSE TO INTERROGATORY NO. 17.

Defendant objects to the Interrogatory to the extent that it is requesting information that is not relevant, overbroad, unduly burdensome, and is designed to harass and oppress Defendant. Defendant objects to this Interrogatory to the extent it seeks information unrelated to the issue of whether the Court may lawfully exercise jurisdiction over Defendant, for which purpose the Court granted limited discovery. Defendant objects to this Interrogatory to the extent that it requests information protected by the attorney-client privilege, joint defense, or work product doctrine.

Subject to and without waiving the forgoing objections, Defendant answers as follows: Defendant's counsel, Daniel R. Warner and Aaron M. Kelly, assisted Defendant in preparing all of the foregoing answers.

DATED this 1st day of May, 2014.

/s/ Daniel R. Warner
Daniel R. Warner, Esq.
Arizona Bar # 026503
(Admitted Pro Hac Vice)
**KELLY / WARNER, PLLC**
8283 N. Hayden Road, Suite 229
Scottsdale, Arizona 85258
Tel: 480-331-9397
Fax: 1-866-961-4984
Email: dan@kellywarnerlaw.com


/s/ Matthew Glazer
Matthew Glazer, Esq.
**COZEN O'CONNOR**
1900 Market St
Philadelphia, PA 19103
(215) 665-2000
MGlazer@cozen.com
*Attorneys for Defendant Monarch*

## CERTIFICATE OF SERVICE

I hereby certify that, on the same date set forth above, via First Class United States Mail and email, I transmitted the foregoing document to the following:

Matthew D. Lee, Esq.
Lee-m@blankrome.com
John P. Wixted, Esq.
jwixted@blankrome.com
BLANK ROME L.L.P.
One Logan Square
130 N. 18th Street
Philadelphia, PA 19103
*Attorneys for Plaintiff*

Eric Trajtenberg, Esq.
eric@chescolawfirm.com
32 S. Church St.
West Chester, PA 19382
*Attorney for Plaintiff*

/s/ Jill Loy
Employee of Kelly / Warner, PLLC

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RICHARD A. GORMAN,<br><br>Plaintiff,<br><br>vs.<br><br>JOHN MONARCH;<br>WWW.PERFORMOUTSIDER.COM; KARL F. STEINBORN; JOHN DOES 1-3,<br><br>Defendants. | Civil Action No. 14-0890<br><br>**VERIFICATION OF JOHN MONARCH** |

I, John Monarch, declare as follows:

1. I am a resident of the State of South Carolina, am over the age of 18 years, and if called to testify in court I could and would truthfully testify to the following information based upon my own personal knowledge.

2. I have read and know the contents of DEFENDANT JOHN C. MONARCH'S RESPONSES TO PLAINTIFF RICHARD A. GORMAN'S FIRST REQUEST FOR THE PRODUCTION OF JURISDICTIONAL DOCUMENTS, as well as DEFENDANT JOHN C. MONARCH'S RESPONSES TO PLAINTIFF RICHARD A. GORMAN'S FIRST SET OF JURISDICTIONAL INTERROGATORIES (collectively the "Discovery Requests"), and the matters and things therein stated are true and correct to the best of my knowledge and belief.

3. All documents produced in response and/or pursuant to the Discovery Requests are, to the best of my personal knowledge and belief, true and correct copies of what they purport to be.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

EXECUTED ON: May __1__ 2014.

John Monarch

1