# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **RICHARD A. GORMAN,**<br><br>Plaintiff,<br><br>v.<br><br>**ILYA SHPETRIK,**<br><br>Defendant. | CIVIL ACTION NO. 20-479 |

**Richard Gorman's Opposition Brief to Ilya Shpetrik's**
<u>**Motion to Dismiss this Lawsuit**</u>

# **Table of Contents**

Table of Contents ................................................................................................1

I.   Summary................................................................................................2

II.  Background............................................................................................6

III. Argument...............................................................................................8

  A.  The Complaint Alleges Facts Sufficient to Subject Shpetrik to Specific Personal Jurisdiction in Pennsylvania...............................8
  B.  Gorman's Claims Against Shpetrik Were Equitably Tolled .........12
  C.  Gorman's Complaint States Plausible Claims for Defamation, False Light, Intentional Infliction of Emotional Distress, and Civil Conspiracy...................................................................................14

IV.  Conclusion...........................................................................................16

I.   Summary

Defendant Ilya Shpetrik asserts that the complaint against him should be dismissed for three reasons. According to Shpetrik, (1) the complaint fails to state facts that establish Pennsylvania can exercise personal jurisdiction over him; (2) the claims against him are time-barred by the statute of limitations; and (3) the complaint fails to state a claim against him because the "only actual allegation against him is that he posted truthful statement concerning Gorman's history as a rapist and sex offender."[1]

In fact, the complaint alleges this Court can exercise specific personal jurisdiction over Shpetrik because he has sufficient minimum contacts with Pennsylvania.[2] The contacts include Shpetrik's publication of an article falsely suggesting Plaintiff Richard Gorman had been convicted of raping a minor,[3] and his Tweet to a Brand.com employee, Zac Johnson, repeating the accusation: "@zacjohnson How does it feel working for a person who was convicted of a sexual assault of a minor?"[4]

---

[1] Defendant's Brief at 2
[2] Dkt. 1 at 2, ¶ 8.
[3] Id. at 3, ¶¶ 11-12; and at 9, ¶ 51.
[4] Id. at 5, ¶¶ 26-27; and at 9, ¶ 51.

Shpetrik knowingly interacted with Pennsylvania residents – namely, Gorman, Brand.com, Inc., and Zac Johnson – and expressly aimed his tortious conduct here.[5] Accordingly, this Court can exercise personal jurisdiction over Shpetrik under Pennsylvania's long-arm statute and the due process clause.

Shpetrik's motion to dismiss on statute-of-limitations grounds should likewise be denied. Shpetrik, alone and in concert with John Monarch, have intentionally concealed his identity and location since 2013, all the while knowing Gorman was pursuing legal action against him.[6]

Under Pennsylvania law, "where a defendant or his agents actively mislead a plaintiff as to who are the proper defendant or defendants until after the statute of limitations has run, the proper remedy is to toll the statute of limitations as to the defendant regarding whom the concealment is directed."[7] In any case, "because the question whether a party is eligible for equitable tolling generally requires consideration of evidence beyond the pleadings, such tolling is not generally amenable to resolution on a Rule 12(b)(6) motion."[8]

---

[5] See Gorman Decl. at 1-2, ¶¶ 1-8; and at 7-8, ¶¶ 42-44.

[6] Id. at 3, ¶ 18; at 4, ¶¶ 25-28; at 5, ¶¶ 31-34; at 6, ¶ 37; at 7, ¶ 42; at 9-10, ¶¶ 46-56; and at 12-13, ¶¶ 71-78.

[7] Lafferty v. The Alan Wexler Agency, Inc., 574 A.2d 671, 674 (Pa. Super. Ct. 1990).

[8] In re Cmty. Bank, 622 F.3d 275, 301-02 (3d Cir. 2010).

Shpetrik seeks dismissal of the complaint in its entirety "because the only allegation against him is that he posted truthful statements concerning Gorman's history as a rapist and sex offender."[9] This is wrong for several reasons.

The article to which this assertion is directed refers to an "underage victim" immediately after describing the crimes with which Gorman was charged, falsely suggesting he was convicted of raping an "underage victim."[10] Shpetrik's argument also ignores the complaint's allegation about his tweet to one of Gorman's Brand.com employees: "@zacjohnson How does it feel working for a person who was convicted of sexual assault of a minor."[11] The complaint further alleges that John Monarch has now attributed the tweet to Defendant.[12]

The complaint is sufficient to put Shpetrik on notice of the claims against him, which is all the Federal Rules require. It is not intended to be, nor is it, an exhaustive recitation of all Shpetrik's defamatory conduct.

For example, the same day Shpetrik directed his defamatory tweet at Zac Johnson, he also linked his <performoutsider.com> website to a page asserting Gorman was a "convicted child molesting rapist," that Gorman spent five years in

---

[9] Defendant's Brief at 2.
[10] See Exhibit 1 at 2.
[11] Dkt. 1 at 5, ¶ 27.
[12] Id. at 9, ¶ 51.

4

prison for raping two minors, and that Gorman's daughter was conceived through rape.[13] In an earlier lawsuit, Judge McHugh had this to say about the conduct:

> I conclude that Plaintiff Richard Gorman was defamed. The allegations against him, that he was convicted of child molestation and is a proven pedophile are patently false, as is the scandalous allegation that his daughter was conceived as a result of rape.
>
> \* \* \*
>
> [T]he evidence is clear that he was the target of a reprehensible campaign at impugning his character with the specific purpose of harming his ability to conduct business and destroying his personal reputation…. Of particular note, Mr. Gorman recounted how, as the scandal spread, the parents of his children's friends began to limit social contact and undermine his family life. It is difficult for me to conceive a worse accusation against a father than that of being pedophile.[14]

Shpetrik's motion should be denied in all respects. Alternatively, if the Court determines Gorman has not met his burden of demonstrating facts supporting personal jurisdiction, Gorman respectfully requests leave to conduct jurisdictional discovery from Defendant,[15] and to amend his complaint.

---

[13] See Gorman Decl. at 6, ¶ 40; see also Exhibit 8.

[14] Gorman v. Steinborn, No. 14-890 (E.D. Pa. May 20, 2015) (Dkt. 34). Efforts to serve Defendant with this lawsuit were thwarted because of his use of false contact information, and Monarch's complicity of silence. See Gorman Decl. at 9-10, ¶¶ 46-55. A copy of Judge McHugh's Opinion is being filed herewith as Exhibit 10.

[15] See Toys "R" Us, Inc. v. Step Two, S.A., 318 F.3d 446, 456 (3d Cir. 2003).

## II.     Background

Two decades ago, an adult woman accused Richard Gorman of having non-consensual intercourse with her. At the time, Gorman was a 21-year-old college student. Then and now, Gorman believes their intercourse consensual.[16]

Gorman went to trial twice on a single count of sexual battery-no injury likely. The first trial ended in a hung jury. The second went so badly for the prosecution that the night before the jury returned a verdict, the State Attorney's office offered Gorman a plea bargain: 12 months' probation, no prison. Gorman declined.

The second jury found Gorman guilty. But the judge set it aside and ordered the lawyers to come up with a new plea bargain agreement less than the mandatory 8.9 years. Under the agreement, Gorman served four-and-a-half years in prison, with five-years' probation.

Following this, there were many ways Gorman's life could have gone. For Gorman, however, he pulled himself up and went on to start multiple businesses, two of which went on to great success, Fullfillment.com and Brand.com, that employed hundreds of people in and around Philadelphia.

---

[16] A May 3, 2006 Orlando Sentinel article reporting on the incident is being filed herewith as Exhibit 11.

In the world of online commerce, however, there are competitors that view the business as a zero-sum game. The success of others rankles. Against this backdrop, John Monarch, Defendant, and others conspired to destroy his businesses and his reputation. They succeeded.

So, the tenor of Shpetrik's Brief is not a surprise. Shpetrik, finally caught, will take full advantage of litigation privilege. To be clear, Shpetrik's repeated accusations that "Gorman plead guilty to raping a second woman" are untrue.[17]

In addition, Shpetrik's denial of responsibility in the blackmail scheme strains credulity. The email threats – demanding $500,000 in bitcoin ransom by December 12, 2013 or "I'm going to start emailing … all your clients, all of the people at Brand.com, … and all of the other companies employees and partners links to your registered sex offender links on a regular basis" – were sent to Gorman on December 10 and 12, 2013.[18]

Five days later, after Gorman refused to pay the ransom, Defendant linked a page to his <performoutsider.com> website that claimed Gorman was a "convicted child molesting rapist," that he spent five years in prison for raping two minors, and that Gorman's daughter was conceived through rape. He then tweeted at a

---

[17] Defendant's Brief at 2.
[18] Dkt. 1-9, 1-10, and 1-11.

Brand.com employee asking, "@zacjohnson How does it feel working for a person who was convicted of sexual assault of a minor."[19]

Five months later, on May 20, 2014, the blackmailer wrote Gorman again, this time from an "areyouaware.com@hush.ai" email address:

> This is causing too much drama for people I like. Your article is currently down, up to you if it stays down. Leave it be & drop your bullshit.
>
> ps you should stop dickrolling judges.[20]

Defendant has used "areyouaware123" as an Instagram screen name, and tagged in photos as "areyouaware123."[21]

Shpetrik asks the Court to ignore all this as pure coincidence. But that is for a jury to decide.[22]

### III. Argument

#### A. The Complaint Alleges Facts Sufficient to Subject Shpetrik to Specific Personal Jurisdiction in Pennsylvania

The complaint asserts specific personal jurisdiction over Shpetrik under Pennsylvania's long-arm statute, 42 Pa. C.S. § 5322(a)(4), and because he had

---

[19] Gorman Decl. at 5, ¶¶ 23-27.

[20] See Exhibit 12.

[21] See Exhibit 13.

[22] In the meantime, Shpetrik has been busy deleting his "areyouaware123" Instagram account, and his "Ilya Putin (Blt)" Facebook account.

sufficient minimum contacts with Pennsylvania.[23] Shpetrik's motion to dismiss does not challenge the applicability of the long-arm statute. Rather, the motion contends the complaint does not allege sufficient minimum contact between Shpetrik and Pennsylvania for two reasons.

First, according to Shpetrik, "The only conduct by Ilya identified anywhere in the Complaint is the posting of the Performoutsider Post, which occurred on July 29, 2013."[24] And, Shpetrik's argument continues, "it was directed to a broad national readership of customers of Gorman's companies, rather than just an audience of one in Pennsylvania."[25] Thus, Shpetrik concludes, "Gorman has failed to allege facts sufficient to establish this Court's personal jurisdiction over Ilya."[26]

As an initial matter, Shpetrik has not submitted a declaration with his motion averring where he resides.[27] Not surprising. After all, Shpetrik has been concealing his identity and location since 2013. That point aside, Shpetrik's argument is wrong on the facts.

---

[23] Dkt. 1 at 2-3, ¶¶ 8-9.
[24] Defendant's Brief at 15.
[25] Id.
[26] Id.
[27] Gorman Decl. at 13, ¶¶ 73-76. His counsel has asserted it's not at the 33 Mogul Drive address, however. Id., ¶¶ 75-76.

9

To that end, the complaint also alleges that Shpetrik tweeted at a Brand.com employee in Philadelphia, Zac Johnson, where he repeated the defamatory accusation in his article: "@zacjohnson How does it feel working for a person who was convicted of a sexual assault of a minor?"[28] In the context of this motion, the Court "is required to accept the plaintiff's allegations as true, and to construe the disputed facts in plaintiff's favor."[29]

Shpetrik's tweet was not merely "directed to a broad national readership," though a national readership could certainly read it. On the contrary, Shpetrik directed it at a Brand.com employee that he knew was in Philadelphia.[30] This allegation thus asserts that Shpetrik "aimed his tortious conduct at the forum."

Highlighting the point is Shpetrik's December 21, 2021 conversation with Monarch. There, Shpetrik is discussing his <performoutsider.com> website, and writes: "ill redirect phili to perforinsider or meatspin."[31] From this, Shpetrik knew full well that Gorman, his company, and his employees, were located in Philadelphia.

---

[28] Dkt. 1 at 5, ¶¶ 26-27; and at 9, ¶ 51.
[29] Toys "R" Us, 318 F.3d at 457.
[30] See Gorman Decl. at 6-8, ¶¶ 38-44.
[31] Id. at 7, ¶ 42.

10

This allegation, together with those directed to Shpetrik's intentional torts and Gorman's Pennsylvania residence,[32] suffice for this Court to exercise personal jurisdiction over Shpetrik.[33]

Shpetrik's second reason for asking for dismissal on personal jurisdiction grounds fares no better than the first. Per Shpetrik, his "alleged contacts must be within the [statute of] limitations period of the asserted claims."[34] Those that aren't, Shpetrik contends, "do[] not count for purposes of establishing personal jurisdiction over Ilya."[35] In support, Shpetrik cites Ciolli v. Irvani, but Ciolli is inapplicable to our facts.

In Ciolli, there was no mention that defendant Chanin had concealed his identity from the plaintiff. Rather, it appears Chanin's identity and location were known all along. As such, the Ciolli complaint did not allege facts from which the court could reasonably conclude that Chanin had actively misled the plaintiff about his identity and location.

Here, on the other hand, Gorman's complaint asserts facts detailing Shpetrik's deception, as well as John Monarch's, as to Shpetrik's identity and

---

[32] Dkt. 1 at 1, ¶ 1; and at 10, ¶¶ 55, 56, and 62.
[33] See, e.g., IMO Indus., Inc. v. Kiekert AG, 155 F.3d 254, 265-66 (3d Cir. 1998).
[34] Defendant's Brief at 13 (citing Ciolli v. Irvani, 651 F. Supp. 2d 356, 369 (E.D. Pa. 2009).
[35] Defendant's Brief at 15 (citing Ciolli).

location.[36] Gorman's declaration, submitted with this Opposition Brief, provides additional facts on the subject.[37]

So, if Ciolli were applicable here, then the issue of whether the statute of limitations should be equitably tolled because of Shpetrik's actions would collapse into the personal jurisdiction analysis. This result is not just wrong on the facts, it would also provide Shpetrik an end-run around this Circuit's admonition against resolving tolling issues in the context of a motion to dismiss.[38]

Gorman's complaint alleges sufficient facts to, at a minimum, establish a prima facie case that Shpetrik is amendable to personal jurisdiction in here. Under this Circuit's law, no more is required to deny Shpetrik's motion.[39] Alternatively, Gorman respectfully requests leave to take jurisdictional discovery.[40]

### B. Gorman's Claims Against Shpetrik Were Equitably Tolled

Shpetrik, alone and in combination with John Monarch, actively concealed Shpetrik's identity and location from 2013 to the present. Facts detailing as much are alleged in the complaint, and in Gorman's declaration.

---

[36] Dkt. 1 at 4, ¶ 19; and at 6-7, ¶ 32-40.

[37] See Gorman's Decl. at 3, ¶ 18; at 4, ¶¶ 25-28; at 5, ¶¶ 31-34; at 6, ¶ 37; at 7, ¶ 42; at 9-10, ¶¶ 46-56; and at 12-13, ¶¶ 71-78.

[38] See In re Cmty. Bank, 622 F.3d at 301-02.

[39] See O'Connor v. Sandy Lane Hotel Co., Ltd., 496 F.3d 312, 316 (3d Cir. 2007).

[40] See Toys "R" Us, 318 F.3d at 456.

Shpetrik nevertheless seeks to benefit from his conduct, asking the Court to dismiss the complaint against him on statute-of-limitations grounds.[41] According to Shpetrik, Gorman should have located him within the limitations period, but instead chose to proceed against Monarch.[42]

This argument ignores the facts. Gorman sued the <performoutsider.com> website in January 24, 2014; Gorman attempted to serve the lawsuit on "Ilya Syanov" under the Hague Convention, but was unsuccessful because Shpetrik used a false name and address for his contact information; and from 2014 to July 30, 2020, Monarch refused to divulge Shpetrik's true identity and location, despite repeated demands.[43] Shpetrik cannot now be heard to complain that Gorman should have done more.

Pennsylvania law is in accord. "[W]here a defendant or his agents actively mislead a plaintiff as to who are the proper defendant or defendants until after the statute of limitations has run, the proper remedy is to toll the statute of limitations as to the defendant regarding whom the concealment is directed."[44] The rule focuses on Shpetrik's conduct, not Gorman's. And here, Shpetrik can't seriously

---

[41] Defendant's Brief at 16-19.

[42] Id. at 18-19,

[43] See Gorman Decl. at 9-11, ¶¶ 46-64.

[44] Lafferty, 574 A.2d at 674.

13

dispute that he has actively misled Gorman as to his identity and location, facts he continues to withhold to this day.[45]

Regardless, "because the question whether a party is eligible for equitable tolling generally requires consideration of evidence beyond the pleadings, such tolling is not generally amenable to resolution on a Rule 12(b)(6) motion."[46]

Shpetrik's motion to dismiss the complaint against him as barred by the statute of limitations should be denied outright or, alternatively, as premature.

### C. Gorman's Complaint States Plausible Claims for Defamation, False Light, Intentional Infliction of Emotional Distress, and Civil Conspiracy

Shpetrik also seeks dismissal of the complaint in its entirety, "because the only allegation against him is that he posted truthful statements concerning Gorman's history as a rapist and sex offender."[47] This isn't true.

The complaint alleges Shpetrik tweeted to one of Gorman's Brand.com employees: "@zacjohnson How does it feel working for a person who was convicted of sexual assault of a minor."[48] Under any fair reading this accusation, it is capable of defamatory meaning, of casting Gorman in a false light, and is the

---

[45] Neither Shpetrik nor his lawyers have disclosed where Shpetrik resides. See Gorman Decl. at 13, ¶¶ 73-78.

[46] In re Cmty. Bank, 622 F.3d 275, 301-02 (3d Cir. 2010).

[47] Defendant's Brief at 2.

[48] Dkt. 1 at 5, ¶ 27.

14

sort of "extreme and outrageous" conduct to for which an intentional infliction of emotional distress claim provides a remedy.

The same holds for the page Shpetrik linked to his website, which accused Gorman of being a "convicted child molesting rapist," and stated that Gorman spent five years in prison for raping two minors, and his daughter was conceived through rape.[49]

They likewise provide a sufficient factual basis to state plausible claims for false light, and intentional infliction of emotional distress. As for the false-light claim, the accusations are undeniably false, and by any measure are a "major misrepresentation" of Gorman's character. Shpetrik's bald assertion that Gorman's prior conviction opened the door for him to accuse Gorman of raping two minors, molesting children, and to assert that his daughter was conceived through rape, goes beyond zealous advocacy.

As for Gorman's intentional infliction of emotional distress claim, Shpetrik's statement, that Gorman was convicted of sexually assaulting a minor, was sent directly to one of Gorman's employees. By any reasonable measure, this plausibly alleges "extreme and outrageous" conduct.

---

[49] See Gorman Decl. at 6, ¶ 40; see also Exhibit 8. While this page wasn't appended to the complaint, it nonetheless formed a basis for Gorman's claims against Shpetrik.

Finally, Shpetrik's reading of the complaint on the civil conspiracy claim is mistaken. The conspiracy that is the subject of the claim concerns his with John Monarch, among others, as the allegations in the complaint expressly assert.[50]

Shpetrik's motion to dismiss the complaint for failing to state claims against him should be denied. Alternatively, Gorman respectfully requests leave to file an amended complaint.

## IV. Conclusion

For the reasons stated above, Shpetrik's motion to dismiss for lack of personal jurisdiction, as time-barred by the statute of limitations, and for failing to state claims, should be denied. Alternatively, Gorman requests jurisdictional discovery, and to amend his complaint.

Respectfully submitted,

**LEGAL SERVICES GROUP, PLLC**

*/s/ George Schooff*
George Schooff (P45596)
*Admitted Pro Hac Vice*
22 Miller Road East
Asheville, NC 28805
schooff@legalservicesgrouppllc.com
Telephone: (313) 434-0502
*Attorney for Plaintiff*

Date: May 11, 2021

---

[50] Dkt. 1 at 14, ¶ 82.

## CERTIFICATE OF SERVICE

I hereby certify that on May 11, 2021, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send notification of such filing to all parties and counsel of record.

                                                                Respectfully submitted,

                                                                **LEGAL SERVICES GROUP, PLLC**

                                                                */s/ George Schooff*
                                                                George Schooff (P45596)
                                                               *Admitted Pro Hac Vice*
                                                               22 Miller Road East
                                                               Asheville, NC 28805
                                                               schooff@legalservicesgrouppllc.com
                                                               Telephone: (313) 434-0502

Date:   May 11, 2021                              *Attorney for Plaintiff*